# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALI UMAR AL-JAMILY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-1237-EMF-KGG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER ON
## MOTION FOR APPOINTMENT OF COUNSEL

Subsequent to removal by Defendant of Plaintiff's state court Petition to federal court, Plaintiff filed a Motion for Appointment of Counsel (Doc. 11) along with a financial affidavit and supplement to the motion (Docs. 12, 14.)  Having reviewed this motion, as well as Plaintiff's Petition and supplement thereto (Docs. 1-1, 13), the Court **DENIES** the request for appointment of counsel.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v.***

*Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner****,* 979 F.2d at 1421.

The Court examined the financial information provided by Plaintiff to determine the ability to afford counsel.  In his supporting financial affidavit, Plaintiff provides no age but does list marital status as "single." (Doc. 12, at 1.)  No current employment is listed, but prior employment includes being an associate professor of math at Dodge City College, although no income is provided for that job.  (*Id*., at 2-3.)  Plaintiff does, however, list a significant amount of money in both checking and savings accounts.  He also receives monthly Social Security benefits from the government.  (*Id*., at 4-5.)

Plaintiff does not own real property and does not list a monthly rent payment.  (*Id*., at 3, 5.)  He does own an automobile, outright, with a modest residual value.  (*Id*., at 3-4.)  Reasonable monthly expenses are limited, including groceries, gas, telephone, and insurance.  (*Id*., at 5.)  Plaintiff has not filed for bankruptcy.  (*Id*., at 6.)

Considering all of the information contained in the financial affidavit, Plaintiff has reasonable monthly expenses and financial obligations with limited current income consisting of government benefits. Although he lists a significant amount of cash on hand, the lack of income makes this money the sole means of survival. The applicant's financial means is not, however, dispositive of the issue of appointment of counsel. As such, the Court will analyze the remaining elements.

Next is Plaintiff's diligence in searching for counsel. The form motion used by Plaintiff clearly indicates that he was to "<u>confer with</u> (not merely contact)" at least five attorneys regarding legal representation prior to filing the motion. (Doc. 11 (emphasis in original).) The form provides space for the name, address, date(s) of contact, method of contact, and response received for six attorneys. Rather than providing the requisite information, Plaintiff merely states, "I have contacted over 10 attornes [sic] three of which were recomme [sic] by the mediator . . . . Unfortunately I did not keep records and do not remember the name of any of them at this time." (*Id.*, at 2.)

Often in situations such as this, the Court will require a movant to confer with, and provide the required information regarding, the requisite number of attorneys before the Court will consider the application. The Court finds in this

instance, however, that the motion will be resolved on other factors. As such, requiring Plaintiff to complete this task would not be useful.

The next factor is the merits of plaintiff's case. *See **McCarthy***, 753 F.2d at 838-39 (10th Cir. 1985); ***Castner***, 979 F.2d at 1421. The Court notes that there are concerns regarding the viability of Plaintiff's claims, as evidenced by the Motion to Dismiss filed by Defendant and currently pending before the District Court. (Doc. 7.) Because this dispositive motion will be decided by the District Court, the undersigned Magistrate Judge will not opine as to the merits of Plaintiff's claims at this time. Rather, the analysis will turn to the final ***Castner*** factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other

untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  To the contrary, Plaintiff has shown the ability for self-representation by drafting the state court Petition and various other motions and submissions.  (*See generally*, Docs. 1-1, 11, 13, 14.)  Further, although he is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.

The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to this case.  As such, the Motion to Appoint Counsel (Doc. 11) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 11) is **DENIED**.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 11th day of August, 2016.

                                       S/ KENNETH G. GALE
                                       KENNETH G. GALE
                                       United States Magistrate Judge