# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALI UMAR AL-JAMILY,

    *Plaintiff,*

vs.

    Case No. 16-1237-EFM-KGG

UNITED STATES OF AMERICA,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Ali Umar Al-Jamily, proceeding *pro se*, brings this suit against the United States of America alleging negligence under the Federal Tort Claims Act ("FTCA"). Plaintiff seeks damages as a result of injuries he allegedly sustained during an improper dental treatment. Currently, there are four motions pending before the Court. The Government has filed a Motion to Dismiss (Doc. 7) and a Motion to Strike Supplement to Complaint (Doc. 13). Plaintiff has filed a Motion to Stay Case (Doc. 20) and a Motion to Appoint Counsel and Issue a Subpoena if Hearing is Held (Doc. 23). After reviewing the motions, the Court finds that it does not have subject matter jurisdiction over this case. Therefore, the Court grants the United States' Motion to Dismiss. In addition, the Court grants in part and denies in part the United States' Motion to Strike and denies Plaintiff's motions as moot.

## I.        Factual and Procedural Background

On May 13, 2016, Plaintiff filed this action in Sedgwick County, Kansas, district court against Hunter Health Clinic, Inc. ("Hunter Health") and Dr. Sidney Lenox. Plaintiff's state-court Petition sounds in the common-law tort of negligence, as he alleges that Dr. Lenox "performed root canal on tooth # 20 that was perfectly health tooth," and that the tooth now causes him pain and sensitivity. The United States subsequently removed this case to federal court, and on June 23, 2016, filed a Notice of Substitution pursuant to 42 U.S.C. § 233. Pursuant to the Notice, the United States was substituted as a matter of law for Hunter Health and Dr. Lenox.

On June 30, 2016, the United States filed a motion seeking dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Plaintiff did not file a conventional response to the United States' motion, but he did file a document docketed as "Supplement to Complaint/State Court Petition/Small Claims" (the "Supplement") within the response period. This Supplement contains six documents consisting of (1) an undated restatement of events surrounding Plaintiff's visit to Hunter Health; (2) a May 28, 2015 letter to the Kansas Dental Association regarding the dental treatment he received at Hunter Health; (3) a May 20, 2016 letter addressed to Erica Davis, "Hunter Clinic Supervisor," concerning his state-court lawsuit; (4) a May 20, 2016 letter addressed to Olivia Chavez, "Hunter Clinic Supervisor," concerning his state-court lawsuit; (5) a June 25, 2015 letter addressed to "To Whom It May Concern" restating Plaintiff's complaints about the dental treatment he received at Hunter Health; and (6) a May 15, 2015 letter to the Kansas Dental Association explaining the events surrounding his dental treatment. The Government subsequently filed a Motion to Strike Plaintiff's Supplement pursuant to Rule 12(f), to which Plaintiff did not respond.

Plaintiff has filed two motions since the United States filed its Motion to Dismiss and Motion to Strike. First, Plaintiff filed a Motion to Stay asking the Court to stay the case because of a six to nine month trip that he was taking overseas beginning the end of September. And second, Plaintiff filed a motion asking the Court to appoint him counsel, to delay any hearing in the case for six months because of his overseas travel plans, and to subpoena three witnesses in the event there is a hearing. Both Plaintiff's and the United States' motions are ripe for the Court's review.

## II.     Analysis

### A.     The United States' Motion to Strike

The United States asks the Court to strike Plaintiff's Supplement pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. In the alternative, to the extent the Court construes Plaintiff's Supplement as a response to its Motion to Dismiss, the United States asks that its motion serve as a reply and that the Court proceed to rule on the motion.

Under Rule 12(f), a court may order stricken from any pleading "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."[1] Generally, motions to strike under Rule 12(f) are disfavored.[2] "The court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."[3] The decision to grant a motion to strike lies within the court's discretion.[4]

---

[1] Fed. R. Civ. P. 12(f).

[2] *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998).

[3] *Id.*

[4] *Geer v. Cox*, 242 F. Supp. 2d 1009, 1025 (D. Kan. 2003) (citing *Resolution Trust Corp. v. Scaletty*, 810 F. Supp. 1505, 1515 (D. Kan. 1992)).

The Court declines to strike Plaintiff's Supplement in this case. The United States has not shown that the Supplement's allegations have no relation to this case or that the Supplement is prejudicial to its case. Admittedly, it's not clear what purpose Plaintiff intended the Supplement to serve when he filed it. The Supplement is not an amended complaint under Rule 15(a)(1)[5] because it does not contain a case caption or specific demand for the amount of relief sought, and thus, Plaintiff did not intend for it to supersede his previous filing.[6] And, it is not a supplemental pleading under Rule 15(d) because it does not allege relevant facts occurring after the pleading was filed.[7] Although two of the letters Plaintiff included in the Supplement post-date his state-court Petition, these letters simply inform two Hunter Health employees that Plaintiff filed a lawsuit regarding the dental treatment he received there and that he requested the district court to subpoena them to appear and testify in any hearing for his case. These are not facts setting forth a transaction occurring after he filed his Petition.

Because Plaintiff filed the Supplement within the twenty-one day response period to the United States' Motion to Dismiss, the most logical approach is to construe the filing as Plaintiff's response to the motion to dismiss. The Court realizes that this is a liberal construction of the document but finds that this construction does not prejudice the United States in any way given that the Supplement fails to address the United States' primary argument—that Plaintiff failed to

---

[5] Under Fed. R. Civ. P. 15(a)(1), a party may amend a complaint as a matter of course within twenty-one days of service of a Rule 12(b) motion. Here, Plaintiff filed the Supplement within twenty-one days of the United States' service of its Motion to Dismiss on him.

[6] *See Blakely v. Nitcher*, 2016 WL 3443392, at *4 n.17 (D. Kan. June 23, 2016) (stating that an amended complaint supersedes the original complaint and must name all the parties in the caption, contain all claims and allegations that the plaintiff intends to pursue, and must be submitted on court-approved forms).

[7] See Fed. R. Civ. P. 15(d) (allowing a supplemental pleading to be filed on motion and reasonable notice and stating that a supplemental pleading contains "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

exhaust his administrative remedies before filing suit. Furthermore, as the United States' requests, the Court will construe its Motion to Strike as its reply to Plaintiff's response. The United States' Motion to Strike is therefore granted in part and denied in part.

**B.     The United States' Motion to Dismiss**

*1.     Legal Standard Under Rule 12(b)(1)*

Under Rule 12(b)(1), the Court may dismiss a complaint based on lack of subject matter jurisdiction. A court lacking subject matter jurisdiction must dismiss the case at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking.[8] Rule 12(b)(1) attacks on subject matter jurisdiction are typically either facial attacks on the sufficiency of jurisdictional allegations or factual attacks on the accuracy of those allegations.[9] In reviewing a facial attack, the court must accept the allegations in the complaint as true.[10] In reviewing a factual attack, the district court has discretion to allow affidavits and other documents to resolve jurisdiction facts.[11] The court may decide these matters without converting to a Rule 56 proceeding, unless "resolution of the jurisdictional question is intertwined with the merits of the case."[12] Here, the United States relies on evidence outside the pleadings, and thus, the Court will construe the motion as a factual attack on the jurisdictional facts alleged by Plaintiff.[13]

---

[8] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC, v. Owens*, 135 S. Ct. 54 (2014).

[9] *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

[10] *Id*. at 1002.

[11] *Id*. at 1003.

[12] *Id*.

[13] *See Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1295-96 (10th Cir. 2003) (finding that the district court had authority to review evidence outside the pleadings on the issue of exhaustion of administrative remedies without converting the motion to dismiss into a motion for summary judgment).

*2.     Analysis*

The United States contends that the Court lacks subject matter jurisdiction over Plaintiff's claim because the federal government has not waived its sovereign immunity. Federal courts are courts of limited jurisdiction and must have a statutory or constitutional basis to exercise jurisdiction over the subject matter of a suit.[14] Under 42 U.S.C. § 233, when a Public Health Services employee causes personal injury in the performance of a medical or related function, the plaintiff's exclusive remedy is against the United States through the FTCA.[15] The FTCA defines the terms, conditions, and scope of the United States' consent to be sued for money damages in tort cases.[16] A court only has subject matter jurisdiction over a tort claim brought against the United States if the plaintiff shows that his claim falls within the statutory requirements of the FTCA.[17]

One requirement under the FTCA is that an administrative tort claim be presented to the appropriate federal agency and be finally denied by that agency.[18] The filing of an administrative claim is a jurisdictional requirement, and the failure to do so, leaves the Court without subject matter jurisdiction.[19] If a claim is not presented to the agency before a civil judicial action is filed, the case must be dismissed.[20]

---

[14] *See* U.S. Const. art. III; *Sheldon v. Sill*, 49 U.S. 441, 448-49 (1850)

[15] *See* 42 U.S.C. § 233(a), (g).

[16] 28 U.S.C. §§ 2674-2680.

[17] *Mechler v. United States*, 2013 WL 3989640, at *4 (D. Kan. Aug. 2, 2013) (citing *In re Agent Orange Product Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987)).

[18] 28 U.S.C. § 2675(a); *see also Morrison v. Kache*, 576 F. App'x 715, 717 (10th Cir. 2014) (concluding that the exhaustion requirement applies in situations governed by 42 U.S.C. § 233).

[19] *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994).

[20] *Williams v. U.S. Post Office*, 866 F. Supp. 1320, 1321 (D. Kan. 1994).

A claim is deemed presented to a federal agency when the agency "receives . . . a Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident."[21]  In this case, Plaintiff's complaint does not allege compliance with the statutory exhaustion requirements, and a review of the records from the United States Department of Health and Human Services shows that Plaintiff has not filed an administrative tort claim with that agency.  While Plaintiff's Supplement indicates that he wrote at least five letters regarding his claim, two of these letters were addressed to Hunter Health employees and two other letters were addressed to the Kansas Dental Association.[22]  It's not clear whether Plaintiff even mailed these letters to these intended recipients.  But, even if he did, this does not satisfy the exhaustion requirement because Plaintiff did not present his claim to the appropriate federal agency.  Thus, Plaintiff has not completed the jurisdictional prerequisites to filing suit against the United States under the FTCA, and Plaintiff's claim must be dismissed.

**C.     Plaintiff's Motion to Stay and Motion to Appoint Counsel**

Plaintiff has two pending motions before the Court.  In his first motion, Plaintiff has asked the Court to stay this case because he will be out of the country for six to nine months.  In his second motion, Plaintiff requests that the court appoint him counsel because he has not been able to hire an attorney.  Plaintiff also reiterates his request that the Court stay the case because of his travel plans and that the Court issue a subpoena to Dr. Lenox and two other Hunter Health employees.  Because the Court has already found that it lacks subject matter jurisdiction over

---

[21] 28 C.F.R. § 14.2(a).

[22] The fifth letter was addressed to "To Whom It May Concern" and did not contain the intended recipient's address on it.

Plaintiff's claim, the Court need not address these motions. Accordingly, they are denied as moot.

**IT IS THEREFORE ORDERED** that the United States' Motion to Dismiss (Doc. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States' Motion to Strike Supplement to Complaint (Doc. 13) is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Case (Doc. 20) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Motion to Issue Subpoena (Doc. 23) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 19th day of October, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE